UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT L. MOORE,

        Petitioner,

v.                                              CASE NO. 15-CV-13319
                                                HONORABLE DENISE PAGE HOOD

THOMAS MACKIE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE,
DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, STAYING PROCEEDINGS,
AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Vincent L. Moore ("Petitioner") was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316, receiving and armed robbery, Mich. Comp. Laws § 750.529, following a jury trial in the Wayne County Circuit Court in 2011. He was sentenced to life imprisonment without the possibility of parole on the murder conviction and a concurrent term of 15 to 30 years imprisonment. In his current petition for habeas relief, Petitioner, through counsel, raises a claim concerning the jury deliberations, asserting that a jury member was absent during a portion of the deliberations. The matter is

currently before the Court on Petitioner's motion to stay the proceedings and hold his petition in abeyance so that he can return to state court to exhaust his remedies on additional claims concerning the effectiveness of defense counsel and newly-discovered evidence, as well as Respondent's motion for summary judgment asserting that the petition is untimely under the one-year statute of limitations applicable to federal habeas actions.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts for review before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. In fact, Petitioner states that he intends to file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. and then appeal the trial court's decision to the state appellate courts as necessary. Petitioner's unexhausted claims

should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

In this case, Petitioner shows the need for a stay. He wishes to pursue new claims which have not been presented to the state courts. There is also a dispute about whether the one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), bars the instant petition, let alone any additional claims. Rather than decide that issue at this time and create a situation with bifurcated claims and potentially related legal issues in successive petitions, the Court find that the interests of justice are better served by allowing Petitioner to exhaust all of his potential issues in the state

courts and then proceed on habeas review. Additionally, Petitioner seeks to present new issues and alleges that defense counsel was ineffective for failing to pursue them to the state courts, which may provide good cause. Lastly, the Court finds that at least some of the unexhausted claims are not plainly meritless and there is no evidence of intentional delay. Therefore, the Court shall stay the proceedings and hold the petition in abeyance pending Petitioner's exhaustion of state court remedies as to his additional, unexhausted claims.

Accordingly, the Court **GRANTS** Petitioner's motion to stay the proceedings and hold the petition in abeyance **[Doc. #5]**. Given this determination, the Court **DENIES WITHOUT PREJUDICE** Respondent's motion for summary judgment **[Doc. #6]**. Respondent may renew that motion and/or supplement that motion if and when this case is re-opened. The Court makes no determination as to the procedural or substantive merits of any habeas claims at this time. These proceedings are **STAYED**. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 30 days of the filing date of this order by filing a motion for relief from judgment with the trial court. See Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on

Petitioner's return to this Court with a motion to reopen and amend the habeas petition (to add the unexhausted claims), using the same caption and case number, within 30 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with any of these conditions, the case may be dismissed. Lastly, this case is **CLOSED FOR ADMINISTRATIVE PURPOSES** pending compliance with these conditions.

    **IT IS SO ORDERED**.

                                            s/Denise Page Hood
                                            DENISE PAGE HOOD
                                            United States Chief District Judge

Dated: August 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2016, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager